Dear Mayor Jones:
This office is in receipt of the request for an opinion of the Attorney General in regard to the charter commission of the City of Franklin. Your City Attorney indicates that on June 18, 2002 the Mayor and Council of the City of Franklin adopted an ordinance establishing the Franklin Charter Commission, and provided for the commission to "study, prepare and propose a home rule charter for the City of Franklin". In accordance with the ordinance seven members were appointed, and a chairman and other officers were elected from the membership. On July 1, 2002 a new councilman of the Franklin City Council introduced an ordinance to repeal the ordinance that created the Commission.
Franklin's City Attorney is of the opinion that once a home rule charter commission has been appointed the governing authority is without any authority to repeal its existence inasmuch as such a commission should act as an autonomous body in doing its work. He maintains it would be useless for a governing authority to appoint a commission if it could at any time repeal its existence before the expiration of its statutory term. The governing authority could thereby reject a proposed charter by repealing the commission's existence before completion of its work, and circumvent the mandatory submission of the proposed charter to the voters. Additionally, reference is made to R.S. 33:1395.1 as requiring that commission members "shall hold office until a charter is either adopted or rejected by the registered voters of the municipality".
Accordingly, the issue presented is as follows:
 May the municipal governing authority of the City of Franklin (Franklin City Council) which has established a charter commission pursuant to Article VI, Section 5(A) of the Louisiana Constitution, and La.R.S. 33:1395, et seq., repeal the existence of the commission after its members have been appointed and sworn into office?
La. Const. Art. VI, § 5(a) authorizes the governing authority of a local governmental subdivision to appoint a commission to prepare and propose a charter as does R.S. 33:1395. R.S. 33:1395 in providing that a municipality may adopt a home rule charter sets forth, "The method to be used is the charter commission, which can either be appointed by the governing body or elected by the people."
Thereafter, R.S. 33:1395.1, "Charter commission, membership, number; term, preparation, submission, and publication of charter", provides in Paragraph A that the commission shall consist of not less then seven members and up to eleven. It further provides, "Each member of the commission shall hold office until a charter is either adopted or rejected by the registered voters of the municipality", and that any vacancies are filled by the remaining members. This statute also sets forth that the commission members shall take office immediately after election or appointment and "shall propose the charter and submit it to the governing authority of the municipality within eighteen months thereafter."
Significantly, Paragraph B provides as follows:
 The terms of charter commission members shall expire with either the adoption or rejection of the charter by the voters. In situations where no charter has been drafted by the end of the eighteen-months time period, members' term shall automatically expire.
The latter provisions clearly establish that "each member shall hold office until a charter is either adopted or rejected", and that the terms only expire with the adoption or rejection of the charter unless no charter is drafted within eighteen months.
Moreover, this office concluded in Atty. Gen. Op. 97-242 in regard to the authority of the Parish Council to revise the proposed amendments formulated by a charter committee appointed by the Council that the Council must adopt the amendments as written. This was based upon the provision in R.S. 33:1395.1 which provides, "The proposed charter shall not be altered or changed in any way by the governing authority of the municipality."
To allow the governing authority to repeal the existence of the commission would permit the governing authority to do indirectly what it cannot do directly inasmuch as repealing the existence of the commission would eliminate the proposed charter entirely. It would also ignore the provisions which set forth the term of charter commission members shall be until a charter is either adopted or rejected by the voters.
Therefore, we conclude the municipal governing authority of the City of Franklin which has established a charter commission cannot repeal the existence of the commission.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
cc: David H. Stiel, III, Esq.
Date Released: September 13, 2002